[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11608
Non-Argument Calendar

_____

Agency No. A78-602-349

WILLIO CINEAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 22, 2006)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Willio Cineas, a Haitian citizen, petitions, through counsel, for review of a

decision by the Board of Immigration Appeals ("BIA") affirming without opinion the immigration judge's ("IJ") removal order and denial of his claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c)).  On appeal, Cineas argues that substantial evidence does not support the IJ's adverse credibility finding, which provided the primary basis for denying his application for asylum, withholding of removal, and relief under CAT.  Cineas also contends that substantial evidence does not support the IJ's finding that he could relocate within Haiti and avoid the alleged persecution.

When the BIA summarily affirms the IJ's decision without an opinion, such as here, the IJ's decision becomes the final removal order subject to review. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial-evidence test, and we must affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (2001) (quotation omitted).

Cineas first argues that he is entitled to asylum. To establish asylum eligibility, the Cineas must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a)-(b).

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon his return to that country. 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat to his life or freedom on a protected ground in his country. Id. §§ 208.13(b)(2), 208.16(b)(2).

When evaluating an applicant's claim, the IJ must make "clean determinations of credibility," Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (quotation omitted), and must offer specific, cogent reasons for an adverse credibility finding. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citation omitted). If the IJ does not state clearly whether he believed the petitioner, we will assume that credibility was not determinative. Yang, 418 F.3d at 1201. A credibility determination, like any fact finding, "may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (quotation omitted).

3

In finding Cineas's testimony to lack credibility, the IJ made a "clean" adverse credibility determination. Substantial evidence supported the IJ's denial of Cineas's three claims based on an adverse credibility finding. See Forgue, 401 F.3d at 1287 ("[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application."). The IJ noted several inconsistencies in Cineas's testimony, and a review of the record supports these findings.

Cineas also argues that he qualifies for withholding of removal under the INA and protection under CAT. For the same reasons that we deny Cineas's application for asylum, we find that he is also unable to qualify for withholding of removal or protection under CAT. See 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16; 8 C.F.R. § 208.18(a).[1]

Upon careful review of the record and the parties' briefs, we hold that substantial evidence supports the IJ's denial of asylum, withholding of removal under the INA, and claim under the CAT. Accordingly, we deny Cineas's petition.

**PETITION DENIED.**

---

[1] Because we affirm the IJ's credibility finding, we need not review Cineas's other arguments.